IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D23 LLC,

    Plaintiff,

v.

NATASHA BALLARD,

    Defendant.

CIVIL ACTION FILE

NO. 1:24-cv-95-TCB

# ORDER

This matter comes before the Court on Magistrate Judge J. Elizabeth McBath's final report & recommendation ("the R&R") [2], which recommends that this case be dismissed for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. Defendant Ballard has filed objections. [6].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take

different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell,* 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams,* 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The R&R recommends dismissing the case for lack of subject-matter jurisdiction because Ballard seeks to have this Court deem the final orders of the Fulton County Magistrate Court and the Fulton County Superior Court unconstitutional. That is outside the Court's power under the *Rooker-Feldman* doctrine. *Casale v. Tillman,* 558 F.3d

3

1258 (11th Cir. 2009) (per curiam) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.") (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). Ballard's objections do not address the *Rooker-Feldman* doctrine at all; rather, her objections simply expound on the substance of her grievances.

Ballard also fails to show that diversity jurisdiction exists. In her objections, she states that "Defendant is a citizen of the State of Georgia," and "Plaintiff is a Georgia corporation with its principal place of business in Georgia." [6] at 3. Accordingly, the parties are not diverse, and there is no diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

The Court has conducted a careful and complete review of the R&R and Ballard's objections. Having done so, the Court finds that the magistrate judge's factual and legal conclusions were correct and that Ballard's objections have no merit. The R&R [2] is adopted as the Order of the Court, and Ballard's objections are overruled. This case is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 11th of March, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge